431 F.2d 518
 74 L.R.R.M. (BNA) 2662, 63 Lab.Cas. P 10,982
 NATIONAL LABOR RELATIONS BOARD, Applicant-Appellee,
v.
PLAYSKOOL, INC. and Fred A. Riebe, General Manager,
Playskool, Inc., and Henry Anderson and Retail,
Wholesale Department Store Union,
AFL-CIO, and Chicago Joint
Board, RWDSU,
Respondents-
Appellants.
 Nos. 18466, 18467.
 United States Court of Appeals, Seventh Circuit.
 June 25, 1970.
 
 Mark L. Schwartzman, Robert C. Claus, Chicago, Ill., for appellants.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., for appellee.
 Before SWYGERT, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Applicant, the National Labor Relations Board moves to vacate a stay pending appeal granted by the district court of its order enforcing subpoenas duces tecum served on Fred Riebe, general manager of Playskool, Inc., and Henry Anderson, an official of the Retail, Wholesale & Department Store Union, AFL-CIO. The Board also asks that we summarily affirm the district court's order of enforcement.
 
 
 2
 In June 1969 the United Furniture Workers of America, AFL-CIO, filed a charge with the Board against Playskool, Inc., claiming violations of sections 8(a)(1) and 8(a)(2) of the National Labor Relations Act and alleging that the company recognized the Retail, Wholesale & Department Store Union as the collective bargaining agent of its employees even though that union was not favored by an uncoerced majority of the employees; that the company unlawfully assisted the union in securing a majority; and that the company entered into a collective bargaining contract under these circumstances. Subsequently, the Furniture Workers filed a similar charge against the Retail, Wholesale & Department Store Union claiming a violation of section 8(b)(1)(A).
 
 
 3
 Pursuant to section 10(b) of the Act the Board began an investigation to determine whether a complaint should issue against the company and the charged union. Upon the refusal of both the company and the union to supply information requested, the Board, pursuant to section 11(1) of the Act, issued the subpoena duces tecum which are the subject of these appeals. The subpoena served on the company sought (1) a list of the names and addresses of company employees at its two Chicago plants and Des Plaines warehouse and (2) a list of names and addresses and Internal Revenue Service W-4 forms of all production and maintenance employees employed as of May 2 and May 5, 1969. The subpoena served on the union sought production of all union authorization-to-bargain cards or application-for-membership cards of company employees which were used by the union to establish its claim that it represented a majority of the company's employees for collective bargaining purposes as of May 2, 1969.
 
 
 4
 Subsequent to the issuance of the subpoenas, both the union and the company, pursuant to section 11(1), filed petitions to revoke the subpoenas claiming that the material sought was irrelevant, and that no copy of the subpoena had been served on the attorney of record of either respondent. The union additionally claimed that the authorization cards were privileged. On January 30, 1970 the Board issued an order denying the petitions to revoke.
 
 
 5
 On February 20, 1970, pursuant to section 11(2) of the Act, the Board commenced this proceeding in the district court for enforcement of the subpoenas. Thereafter in response to a rule to show cause, the respondents, by answer and oral argument, opposed enforcement on the same grounds urged before the Board. On April 20, 1970 the district court granted the Board's application for enforcement of the subpoenas duces tecum. On April 30, 1970 the respondents filed their notice of appeal and simultaneously asked the district court to stay its order pending decision on appeal to this court. On the same date, the district court granted the requested stay. Upon request the two appeals have been consolidated. To reduce, as far as possible, any further delay in the unfair labor practice proceeding the Board asks this court to vacate the stay and to grant summary affirmance of the district court's order.
 
 
 6
 Since we affirm the district court's order of enforcement, it is unnecessary to act on the motion to vacate the stay.
 
 
 7
 Summary disposition of an appeal is permitted by Rule 2, Federal Rules of Appellate Procedure.[1] This case is especially appropriate for such disposition since the contentions of respondents in opposing the subpoenas (as indicated in their response to the Board's motion) are so unsubstantial as to render these appeals frivolous. Furthermore, application of Rule 2 is called for in this case in order to avoid further delay in the Board's investigation which would be encountered if normal appeal procedures were observed. In this contention it hardly needs to be demonstrated that time is of some importance in disposing of a collateral matter such as this in an unfair labor practice proceeding.
 
 
 8
 The respondents' first contention is that the Board failed to state its reasons for denying their petitions to revoke the subpoenas. Relying upon NLRB v. Metropolitan Life Ins. Co., 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965), they maintain that if meaningful judicial review is to be afforded under section 11(2) of the Act, the Board must disclose the basis for its action. Moreover, as further support for their position, respondents point to section 102.31(b) of the Board's Rules and Regulations which provides that the Board shall make a 'simple statement of procedural or other grounds for the ruling on the petition to revoke.'
 
 
 9
 In acting on the petitions, the Board stated: 'Respondents' petitions are hereby denied on the ground that the information sought appears relevant to the charges under investigation.' In the context of the facts surrounding the pending investigation by the Board which were known to the respondents, this statement was a sufficient articulation of the reasons for the denial of the petitions to revoke.
 
 
 10
 The respondents' second contention is that the information called for by the subpoenas is irrelevant to the investigation being conducted by the Board. Their position is that since the Illinois Department of Labor Conciliation and Mediation Service conducted a check of union authorization cards to determine its majority status, the Board is bound by the results of the Illinois certification. The Board responds that at the time of the check, the state agency was unaware that the Furniture Workers were also seeking to organize the company's employees and that many employees who had signed cards authorizing the charged union to bargain on their behalf had also signed cards authorizing the Furniture Workers to represent them. The respondents do not challenge this assertion. In such cases the Ninth Circuit has held that reliance cannot be placed on a card check conducted by a state agency. Intalco Aluminum Corp. v. NLRB, 417 F.2d 36 (9th Cir. 1969). Thus in light of the scope of the Board's investigation under the Intalco case, there can be no question about the relevancy of the material called for in the subpoenas.
 
 
 11
 Respondents' final contention is that the subpoenas should have been revoked because their attorneys of record were not served with copies of the subpoenas. The respondents themselves were personally served with a copy. No prejudice has been shown to have resulted because the Board failed to serve counsel with a copy. Indeed, any possible prejudice is negated by the fact that timely petitions to revoke were filed by the respondents.
 
 
 12
 The order of the district court in enforcing the subpoenas duces tecum is affirmed.
 
 
 
 [1]
 Rule 2 provides as follows:
 In the interest of expediting decision or for other good cause shown, a court of appeals may, except as otherwise provided in Rule 26(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.